IN THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER BROWNLOW III<br>5269 KARL ROAD<br>COLUMBUS, OHIO 43229 | : <br> : <br> : | CASE NO. |
| PLAINTIFF, | : | JUDGE |
| v. | : | MAGISTRATE JUDGE |
| WACHTER, INC.<br>S/A NATIONAL REGISTERED<br>  AGENTS, INC.<br>4400 EASTON COMMONS WAY<br>SUITE 125<br>COLUMBUS, OHIO 43219 | : <br> <br> : <br> <br> : <br> : | **JURY DEMAND ENDORSED<br>HEREON** |
| DEFENDANT. | | |

## PARTIES

Plaintiff, Walter Brownlow III, complaining of Defendant Wachter, Inc., alleges as follows:

1.	Plaintiff is an individual citizen of the State of Ohio, residing at 5269 Karl Road, Columbus, Ohio, Franklin County.  Plaintiff was employed with Defendant as an Electrician from December 2016/January 2017 to April 2017.  Plaintiff's base of work operations was his home at 5269 Karl Road, Columbus, Ohio, Franklin County.

2.	Wachter, Inc. ("Defendant") is a Kansas corporation with a location at 1419 West Monroe Avenue, Lowell, Arkansas.

## JURISDICTION AND VENUE

3.	Jurisdiction is based upon 28 USC § 1332 because the parties are citizens of different states and the amount in controversy exceeds seventy five thousand dollars ($75,000.00).

4.	Venue lies in the Southern District of Ohio pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1391 based upon the illegal acts of Defendant which occurred in the County of Franklin, State of Ohio.

**FIRST CLAIM FOR RELIEF:**
**RACE DISCRIMINATION, HOSTILE WORK ENVIRONMENT, OHIO REVISED CODE §4112.99**

5. The allegations of the prior paragraphs are incorporated as if fully set forth below.

6. During the course of Plaintiff's employment with Defendant, employees engaged in conduct and made statements disparaging of Plaintiff based on his race. The conduct and statements were hostile, offensive, and intimidating. The terms and/or conditions of Plaintiff's employment were altered as a result.

7. At various times, Plaintiff informed managerial agents of Defendant of the conduct and statements.

8. Defendant failed to take prompt, effective remedial action.

9. Defendant's response or lack thereof to Plaintiff's complaints was a violation of O.R.C. 4112.99.

10. Defendant's discrimination against Plaintiff was intentional, deliberate or reckless and without regard for his legal rights in violation of O.R.C. 4112.99.

11. Defendant's discrimination against Plaintiff was with malice and/or with reckless indifference of his rights and safety.

12. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered loss of wages, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which he has been engaged previously, loss of future earnings, loss of future earning capacity and loss of reputation, humiliation, embarrassment, loss of self esteem, adverse health, and loss of time and money endeavoring to protect himself from Defendant's unlawful discrimination, including costs and attorneys fees.

**SECOND CLAIM FOR RELIEF:**
**RETALIATION, OHIO REVISED CODE §4112.99**

13. The allegations of the prior paragraphs are incorporated as if fully set forth below.

14. Plaintiff notified Defendant of racially offensive, humiliating and intimidating conduct and statements by Defendant's employees.

15. Plaintiff's complaints were a protected activity under O.R.C. §4112.99.

16. Defendant took retaliatory action against Plaintiff for notifying management of the conduct and statements.

17. Defendant unlawfully retaliated against Plaintiff in violation of O.R.C. §4112.99 because he complained of the conduct and statements.

18. Defendant's reason(s) for the retaliation were a pretext for unlawful retaliation in violation of O.R.C. §4112.99.

19. Defendant's discrimination against Plaintiff was intentional, deliberate or reckless and without regard for his legal rights.

20. Defendant's discrimination against Plaintiff was willful, malicious, spiteful and with ill will and with a reckless disregard for his legal rights.

21. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered loss of wages, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which he has been engaged previously, loss of future earnings, loss of future earning capacity and loss of reputation, humiliation, embarrassment, loss of self esteem, adverse health, and loss of time and money endeavoring to protect himself from Defendant's unlawful discrimination, including costs and attorney's fees.

**WHEREFORE**, Plaintiff prays as to Defendant, as follows:

(a)  That this Court award such equitable relief as is proper as compensation for the loss of opportunity to engage in gainful employment, including relief in the form of front pay;

(b)  That this Court award Plaintiff an amount to be determined as compensation for adverse health effects, for the loss of opportunity to engage in gainful employment, and future earnings and for humiliation, embarrassment, loss of reputation, and loss of self-esteem;

(c)  That this Court award Plaintiff all lost wages and benefits;

(d)  That this Court award Plaintiff punitive damages;

(e)  That this Court award Plaintiff reasonable attorney's fees, expert's fees and the costs of this action; and

(f)  That this Court grant Plaintiff such other and further relief as may be just and equitable.

Respectfully Submitted,

/s/Rayl L. Stepter
Rayl L. Stepter (0047505)
5650 Paul Blazer Parkway
Dublin, Ohio 43017
(614) 468-4100
Fax (614) 468-4101
Trial Attorney for Plaintiff

Plaintiff demands trial by jury.

/s/Rayl L. Stepter
Rayl L. Stepter
Trial Attorney for Plaintiff